# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TOREY CORDLAND, | ) | CASE NO. 3:21-cv-00519 |
| | ) | |
| PETITIONER, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| SHERIFF NAVARRE, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

On March 5, 2021, *pro se* petitioner Torey Cordland filed this Petition under 28 U.S.C. § 2254 against Lucas County Sheriff Michael Navarre. At the time the Petition was filed, Cordland had been charged with kidnapping in Lucas County Court of Common Pleas Case No. CR-20-2364, and he was awaiting trial. Cordland alleged in his Petition that he had been denied his speedy trial rights and his bond was excessive.

Under Rule 4 of the Rules Governing § 2254 habeas cases, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the Petition must be summarily dismissed. *Habeas corpus* relief is available under § 2254 only to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Petitioner indicates in his Petition that he is "at pretrial" and his state case is "pending." Doc. No. 1 at 1. The Petition on its face therefore does not indicate that Cordland is in custody pursuant to a state court judgment. Moreover, the public docket in Cordland's state criminal case indicates that the charge against him was dismissed and Cordland was ordered discharged. *See State v. Dickens, et al.*, Lucas County C.P. No. CR-20-2364.

Accordingly, Cordland's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Date: 6/23/2021

J. Philip Calabrese
U.S. District Judge